NORMAN LEROY SMITH
#24046038
FCI FORT DIXS
PO BX 7000
Fort Dixs, N.J. 08640

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION
BOSTON, MASSACHUSETTS 02122

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| v. | CRIMINAL CASE: 0:01-CR02-10010JLT |
| NORMAN LEROY SMITH | MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. 28 U.S.C. §2255 |

COMES NOW Norman Leroy Smith (thereinafter "Petitioner"), a pro se litigant in want of counsel and moves this Just and Honorable Court with his motion pursuant to Rule 28 U.S.C. §2255 of the Federal Rules of Civil Procedure to alter or amend judgment in the above-caption case. And in support thereof, Petitioner shows the following:

CONSTRUANCE DOCUMENT

This motion is filled pro-se. The Petitioner earnestly states that he is no way being assisted by and "Jailhouse," public, or private attoney; and therefore he request that this pleading be liberally construed in accordance with Haines v. Kerner, 404 U.S. 519 (1972), and Cruz v. Beto, 405 U.S. 319 (1972), since the undersigned Pertitioner is not an attoney and has no formal legal training.

[1]

U.S.C.A. MOTION UNDER 28 §2255

A. As a prisoner in custody under sentence of this court established by <u>Act of Congress</u> claiming the right to be <u>released</u> upon the grounds that the sentence was imposed in violation of the <u>Constitution</u> or <u>Laws</u> of the <u>United States</u>, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by Law, or is otherwise subject to Collateral attack, I therefore move the courts which imposed the <u>sentence to Vacate</u>, <u>Set Aside</u> or <u>correct the sentence.</u>

B. <u>Under Petitioners Rights Rule 5 of the Federal Rules of Criminal Procedures.</u> I ask the Court that I be brought before the court "without unnecessary delay for all oral arguments of procedures.

C. I am requesting said court <u>to appoint conflict free counsel to assist</u> said petitioner and help <u>Marshall</u> my <u>file</u> plus to seek <u>Discovery</u>.

D. Request copy of <u>Plea Collopy</u> which I do not have. SENTENCING TRANSCRIPS, 1ST INDICTMENT.

E. I DID MY BEST TO PRESENT THIS 2255, BUT I HAVE NO LEGAL TRAINING AND KNOWLEDGE HOW TO ELABORATED IT PROPERLY. So IN INTEREST OF JUSTICE AND TO PROTECT MY LIBERTY INTEREST I NEED A COURT APPOINTED COUNSEL.

-2-

MOTION UNDER 28 § 2255

MOTION

1. Name and location of court which entered the judgement of coviction under attack: BOSTON MASSACHUSETTS (1st Cir)

2. Date of judgement of conviction:        October 22, 2003

3. Length of sentence   120 Months      and 6 years supervise

4. Nature of offense involved (all counts)  count one 21USC 846, conspiracy to possess with intent to distribute and distribution of oxycodone and hydrocodone. Count 3,5,6,8, 11, 12, 21 USC 841(A)(1) Possession with intent to distribute and distribution of oxycodone, count 4,7,9,10, 21USC 841(A)(1) Possession with intent to distribute and distribution of oxycodone. Count 13, 18 USC 371 Conspiricy

5. What was your plea?(check one)
   (a) Not guilty       [ ]
   (b) Guilty           [X]
   (c) Nolo contendere  [ ]

If you entered a guilty plea to one count or indictment, and not guilty plea to another count or indictment, give details:

_____

_____

_____

_____

6. Kind of trial; (Check one)
   (a) Jury ( )
   (b) Judge only (X)

7. Did you testify at the trial?   Yes ( )   No (X)

8. Did you appeal from the judgement of coviction?  Yes ( )  No (X)

-3-

MOTION UNDER 28 U.S.C. §2255

9. If you did appeal, answer the following:

   (a) Name of Court_____

   (b) Results_____

   (c) Date of Result_____

10. Other than a direct appeal from the judgement of coviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court? Yes ( )   No ( X )

11. If your answer to 10 was "yes", give the following information:

   (a)(1) Name of court_____

   (2) Nature of proceeding_____
   _____

   (3) Grounds raised_____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

   Yes [ ]   No [ ]

   (5) Result_____

   (6) Date of result_____

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court_____

   (2) Nature of the proceeding_____

   (3) Grounds raised_____
   _____
   _____

(4)

MOTION UNDER 28 U.S.C. §2255

(4) Did you receive an evidentiary hearing on your petition, or motion?    Yes[ ]    No [ ]

(5) Result_____

(6) Date of result_____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court_____

(2) Nature of proceeding_____
_____

(3) Grounds raised_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?    Yes [ ]    No [ ]

(5) Result_____

(6) Date of Result_____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc;    Yes [ ]    No [ ]
(2) Second petition, etc;   Yes [ ]    No [ ]
(3) Third petition, etc;    Yes [ ]    No [ ]

(e) If you did not appeal from the adverse action on any petition or motion, explain briefly why you did not:

Attoney failed to file appeal on a portion of the issues and

ATTONEY failed to brief appeal. Proper remendy would be to

file motion under 28 U.S.C. §2255.  I had one year to appeal.

12. State concisely every groung on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

-5-

MOTION UNDER 28 U.S.C. §2255

GROUND ONE      : Attorney Sahardy failed to represent me and play the adversary roll to protect my liberty interest, in violation of my Sixth Amendment Rights.

Facts:

GROUND TWO      My Attorney Paul Sahardy failed to represent me, at all critical stages of my trial, due to a serious conflict of interest in vciolation of Fifth and Sixth Amendment Rights.

Facts:

GROUND THREE: My sentence was illigally imposed in excess of the maximum authorized by law. (Blakely Issue)

Facts:

GROUND FOUR    : My conviction was obtained by plea of guilty which was not made voluntarily or with the understanding of the Nature of the Charge and the consequence of the plea.

Facts:

GROUND FIVE:   I have been illegally sentence/covicted under a defective indictment that omitted the critical element of the quantity of drugs which prescribed the real nature of the offense and the severity of the punishment in violation of my fundamentals rights gurantee and protected by the constitution.

    FACTS:

GROUND SIX:   Color of law violation and my Fourth Amendment due to the illegal search and seizure.

    FACTS:

GROUND SEVEN:   Prosecutorial misconduct--prosecutor fraudently witheld exculpatory evidence from the Court and most probably from the Grand Jury, in order to support and obtain an illegal and/or frivolous crimal charge against me. And, in futherance of their conspiracy, the government concealed facts from the court, including, but not limited to, my Attoney Sahardy's conflict of interest and the manipulation of fact-finding evidence, in order to justify and use harsher statutory penalty provisions and in order to use the wrong Statutorial United States Code, etc., etc., etc.

    FACTS:

GROUND EIGHT:   I am actually innocent of all charges under reasons of temporary insanity necause the elements of intent and knowledge cannot legally stand.

    FACTS:

GROUND NINE:   Therefore, due to the temporary insanity I had no
               control of my acts. My plea was involuntarily ob-
               tained due to the severe effects of my withdrawal
               from the heavy medications of Oxicodone and Hydro-
               codone.

    FACTS:


GROUND TEN:    My guilty plea was illegally obtained due to the fact
               that the proceedings to Establish Prior Conviction
               Title 21 §851, used for my enhacement purposes was
               not proffered by the Government or the Court before
               my guilty plea. Therefore my guilty plea was not
               voluntarily made in violation of my sybstantial rights.

    FACTS:

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the procecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right to appeal.

B.(1)   GROUND ONE:   Attoney Sahardy failed to represent me and played the adversary roll to protect my liberty interest in violation of my 6th Amendment of the Constitution.

Ineffective assistance of Counsel

Former trial retained attoney failed to dismiss defective indictment insuficient in the charge against me that omitted the elements of quantity of drugs essential to describe the nature of the charge and the gravity of my punishment; the indictment carried a double jeopardy violation within the counts one and through thirteen with exception of count two of the indictment which I was not charged Count One is defective due that on the date on April 17, 2001, while I was charged on count one with conspiracy with Costa, Terceira and Neto as defendants, at the same time, I was also allegedly accused in count 13* of the same indictment involving me with only an undercover law enforcement officer ["Tina"], it is also relevant to note that under the law a defendant cannot conspire with himself neither with an undercover law enforcement officer who insinuated the controlled buy, Also, in addition within count one on December 11, 2001, where I was charged with a criminal conduct at the end of the conspiracy, at the same time the same criminal conduct on December 11, 2001, was also attributed to David Texeira and Steven Neto as a charged on the substantive <u>Count Two</u> and where Norman Smith is not mention as a participant in the said substantive count

---

*Count Thirteen: Overtacts- in furtherance of the conspiracy
  Overt act # 2 On or about April 17, 2001, in Fall River, Massachusets,
  the defendant Norman Smith sold quantity of Oxycontin tablets to an
  undercover law enforcement.

two.

Attoney Sahardy also failed to take responsibility and play the adversary roll during the pretrial stage.
Falling to request an order from the court to obtain Government's full discovery including: Police investigation report which would have proved that the Police Operation had started in the begining of summer of 2000, when a [C.I.] Jamie Barreira started asking me on numerous times to sell her some pills for her girlfriend [Undercover State Tropper AKA"] "Tina", Demands to which I did not provide. Also this Police Investigation report would have proved that CI Barreira after introducing to her girlfriend "Tina" to me, "Tina" continued to ask me to sell her some of my prescribed pills [oxycontin] which for medical reason I use as a pain killer due to my herniated disk. At the beginning I continue to refuse to sell my prescribed medicine pill until in one of my depression-widrawals I felt lonely and worn down and in addition due to "Tina's constant badgering and the extreme attractivenes I felt for "Tina", I acceded to her request and sold he "one Pill" of my own prescribed medicine in exchange of $14, that I did not want to accept, but at the insistant of "Tina" my will was "overborn". [See Memorandum of case law at paragraph #14.] It is relevant to state that from all the counts I thru XIII from the indictment with the exception of count two which I was not charged with, the sales were induce by officer "Tina". [see Memorandum of case law at paragraph 14A]. The police investigation report also would have proved that the police selected controlled buys were continued to induce me to keep selling my prescribed medicine to "Tina" until they had enough successive buys,

to reach the "MAGIC NUMBER" that would trigger the application for a lenghty sentence. [See memorandum of case law #13A]

Attoney Sahardy also failed to obtain the Laboratory Report which would have proved that the amount of pills-sold to "Tina" were my own prescribed medicine for my personnel use.

Attoney Sahardy failed to request to the court the production of Grand Jury material that would have proved purge of perjury testimony and/or the intentially witholding of the Government of exculpatory evidence to the Grand Jury on my behalf, which would have resulted in the exoneration of the charges in the indictment.

Attoney Sahardy failed to investigate all the facts I presented him that the prosecution were witholding evidence that would have proved entrapment and the illegallity of the search warrant.

Attoney Failed to inform me the existance of a superceesing indictment that I knew nothing about. Attoney never showed me the PSI in which there were many serious mistakes to be dismiss. Also Attoney failed to object to the illegal sentence imposed on me in excess of the maximum authorized by law. Which was suppose to be less than 18 months on the date of my sentenceing in which attorney Sahardy was a few hours late, he told me that he forgot to make a plea bargain and that he was sorry and that I was on my own, but zt the end of his conversation withme he said that if my sentence would be more than expected he would file a Direct Appeal for me

Attoney also failed to raise my direct appeal,
Attoney failed to have suppression of evidence, illegally obtained
Attoney failed to bring up to the court the facts that I was under oxycontin and hydrocodone prescriptions drugs. The same prescription drugs that the undercover "Tina" instigated me to sell her.

Attoney failed to allow me to view the tapes and video's used in the Police Operation which would have proved how my will to sell my prescription pills was overborne.
Attoney, elicitedly kept my money that the government took from me at the time of my arrest, in the total sum of $1995.00.
If I would have had a professional represation of an effective attoney I would have insisted on going to trial and prove that I was entrapped by the undercover "TIna" which I sold my own prescription pills of my own then.

GROUND TWO: My Attorney Paul Sahardy failed to represent me, at all critical stages of my trial, due to a serious conflict of interest in violation of my Fifth and Sixth Amendment Rights.

Trial retained Attorney Paul Sahardy was under criminal indictment while he was representing me in the year 2002 and 2003. Attorney Sahardy failed to let me know that he was accused of serious felonies charges in the State of Massachusets for attempted murder, kidnaping, domestic assault and few other charges. He was also arrested for intimidating a witness. In Rhode Island he was charged with D.W.I., speeding, refuse to stop an order of a Police Officer, Unauthorized use of a motor vehicle. As a consequence of this spree of insane behavior Attorney Sahardy had a conflict of interest to represent due to his mental unstable condition which resulted in deficiency and prejudice on my behalve. See Chambers v. Maroney, 399 US. 42,59, 26 L.Ed 2d. 419, 90 S.Ct. 1975 (1970); White v. Ragen, 324 US. 760,764, 89 L. Ed. 1348, 65 S. Ct. 978 (1945) (per curiam) ; Ex Parte Hawk, 321 US. 114,115-116, 88 L.Ed. 572, 64 S. Ct. 448 (1944) (per curiam). Ineffectiveness is also presumed when counsel " actively represented conflicting interest". Morris v. Slappy, 461 at 11-12; 75 L. Ed. 2d. 610; 103 S.Ct. prejudice is presumed when counsel labors under actual conflict of interest, despite the fact that the constraints on counsel in that context are entirely self-imposed. See Cuyler v. Sullivan, 446 US. 335, 64 L.Ed. 2d. 333, 100 S. Ct. 1708 (1980).

GROUND THREE : My sentence was illigally imposed in excess of the maximum authorize by law. (Blakely Issue)

At the time of the Change Of Plea Hearing on July 30th, 2003, I plead guilty to the counts of the indictment that specificly mention the sales of oxicodone and hydrocodone, legal prescription drugs of my own use, that I gave to (undercover) "Tina" after a series of enticement by the troopper which in the first occassion she swallowed the pill in front of me. During the plea hearing the Court and the Governemnet omitted to proffer the critical element of the quantities of drugs or any other enhancements that I would be liable. At the Change of Plea I only admitted to the pills I gave to "Tina", approximately 350 pills of my legal precription drugs. Consequently the maximum of the penalty provide by my underlying offense of conviction shall not exceed eightenn month (18). In Blakely v. Washington the Supreme Court held."Because the facts supporting Peticioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment Right to trial by jury. pp---5-18". The rational was expansive. "The Satatutory maximum [] is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding aditional facts.".....
"a sentencing judge exceeds his proper authority when he inflicts punishment that the jury's verdict alone does not allow, as the jury has not found all the facts which the law makes essential to

to the punishment." And within the decision [in footnote*9] the Supreme court clearly stated, "Because the State's sentencing procedure did not comply with the Sixth Amendment Petitioner's senetnece is invalid". According to Webster Dictionary the word "invalid" means null or void".

Because I Norman Leroy Smith was not sentence in conformity with the Blakely decision my sentence is invalid.

Wherefore, I Norman L. Smith acting pro-se, urge this honorable court to hold prompt sentencing hearing and in interes of justice in order to protect my liberty interest, to order my inmidiate release due to the fact that I have already served my time. Or, in the alternative to vacate my conviction.

In Addition, it is relevant to state that the law of the First Circuit has already recognized the illigality of sentence that do not conformed with the Blakely Supreme court decision in violation of the Sixth Amendment of the Constitution. See, United States of America v. Duncan Fanfan No. 04-105. Blakely v. Washington, 124 SCt. 2531 (2004). Unitad States v. Booker, 2004 WL 15385858.

GROUND FOUR : My conviction was obtaind by plea of guilty which was not made voluntarily or with the understanding of the Nature of the Charge and the consequence of the plea.

My Attorney was ineffective to advise me to plead guilty to a defective indictment which omitted the "critical" element of quantity of drugs which exposed me to a higher statutory maximum sentence that I would otherwise receive in violation of my Fifth and Sith Amendment of the Constitution.

At the time of my Change of Plea Hearing no elements of the quantity of drugs were mention neither by the Court or the Government. In addition, the Court failed to advise and give me an adequate notice that Section 851 of my prior convictions would have effects in my sentencing. And the Court also did not order a pre-presentence report before I plead guilty so I could knowingly and intellently make an inform decision before the waiver of my fundamental Rights and plead guilty.

The Fifth Amendment Due Process Clause and Federal Rules of criminal Procedure 11(c)(1) requires the district Court to " Address the defendant in open court" and advise the defendant of "The nature of the Charges to which the plea is offered". In Henderson v. Morgan, 426 US. 637 (1976), the Supreme COurt decided that, even is due process does not always require all elements of an offense to be described to a guilty-pleading defendant, a defendant must be informed of the "critical" elements of the offense for his plea to be

voluntarily and Knowing.

Consequently, due to the Court's violation of Rule 11 of the Federal Criminal Procedure my substantial rights have been affected, and also severely affected the fairness, integrity or publis reputation of judisial proceeding. If I would have received the adequate advise , of the Court and my Attorney, of the Nature of the offense I was pleading guilty and the consequence of the effect of my prior convictions would have severly increased my sentence. I would not have plead guilty and insisted to going to trial. Moreover, the "presciption drugs" charged on the indictment were all legal for me to use, and the reason I sell my own pills to the undercover "Tina" is because she enticed me to do so.

GROUND FIVE: I have been illigally sentenced/convicted under a defective indictment that omitted the prescribed the critical element of the quantity of drugs which prescribed the real nature of the offense and the severity of the punishment in violation of my fundamental rights guarantee and protected by the consttitution.

I Norman Smith, a citizen of the United States of America, have been served, trialed, sentenced and convicted with an illegal "indictment" which by Constitutional guarantee must charge each and every element of the ofense in a plain. concise and definite written attement, of the essential facts costituting the offense charged. This requirement is grounded in the two principal functions served by the Grand Jury Indictment; (1) the fuction of providing the defendant with notice of the charge against him, including the potential penalty; and (2) to enable him to plead an aquittal or conviction in bar of future prosecutions for the same offense. The subject matter of my claim is that due to the omission of the " the quantity of drugs element", which would have prescribed the real nature of the offense and severity of mu punishment, I was not given an adequate notice of the charge against me before pleading guilty. And , because my guilt depended crucially upon such specific identification of fact, my substantial rights were affected. In addition, in the instant case, this omotted element of drug quantity would have prevented the government from putting me twice in jeopardy for the same accusations. I was charged twiced for the same conspiracy, in Count One and Count Thirteen. See indictment. and this illegality\*

---

\*This multiplicity of Counts used for the prosecution to make believe to defendants that they are liable to a greater offenses as punishments, A sort "counts or factual bargaining" .SeeMemo. of Law "fraudulent Factual bargaining page 69,70,71.

happened because the proper mention of quantity of drugs in my indictment would have also infer a specific act or transaction made in a defined time/space, which would identify separates act or violation. Therefore each violation or act could not be used twice for the same purposes. As in my case I was charged under a Conspiracy under Count One Title 21 § 846 and a Conspiracy under Count Thirteen under Title 18 § 371, (in the same indictment), involving the same acts, or transactions, or we can call them also violations to form two different conspiracies with the same facts.

The failure of the indictment to include the aggravating element is jurisdictional, it drepives the district court of jurisdiction to convict or punish for any offense other than the unaggravated offense. See United States v. Forbes 16 F.3d. 1294, (1st Cir. 1994). Traditionally, the omission of the element has resulted in the failure to charge any offense, thus vitiating not only the sentence but the conviction as Well. See Ex Parte Bain, 121 US.1 (1887). And, claims arising from the failure of the indictment to charge the aggravated offense are not waived by the entry of an unconditional guilty plea. See United States v. Trans, 234 F3d. 768 (2000)

Consequently, my sentence and conviction have illegally imposed in violation of my fundamental rights. Therefore the fact of the omission of the critical element vitiated my entire proceeding making unable to assess the real nature of the charge I was pleading guilty to.