IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO.: 01CR02-10010JLT |
| ) | 04CV-12246-JLT |
| v. ) | |
| ———————————————————— ) | DOCUMENTS REQUESTED UNDER |
| NORMAN LEROY SMITH ) | 28 U.S.C. 2255 and 42 U.S.C. |
| ) | 1983 and THE FREEDOM OF |
| ) | INFORMATION ACT/PRIVACY ACT. |
| ) | 5 USCS §552/§552(a),57B FRCP |

DOCUMENTS REQUESTED PURSUENT TO 28 U.S.C. 2255 and 42U.S.C. 1983 and

THE FREEDOM OF INFORMATION ACT/PRIVACY ACT 5 USCS §552/§552(a), 57B FRCP.

Dear Clerk Of Courts; and District Attoney Sandra Bowers:

Unfortunately neither of the two (2) Attoneys appointed to me by

this Honorable Court for prosecution of my 28 U.S.C. 2255 petition have

failed to communicate with me.

Obviously I am in need of Represetation but also require certain

Documents in my matter.  Kindly forward to me the following Documents

to me within twenty days under 28 U.S.C. 2255 and 42 U.S.C. 1983 and

The Freedom of Information Act/Privacy Act.

I am an Indegent Pertitioner, the required form of Declaration in

Support of Request to Procees in Forma Pauperis, is attached to my 2255

Original, dated October 22, 2004 as proof I am without funds, so all

information documents request are of no charge to me.

1)   Plea Agreement

2)   Plea Coloquy

3)   Sentencing Transcrips

4)   1st Inditment

5)   Superceeding Inditment

6)   P.S.I.

7)   Discovery Evidence

8)   Trial Transcrips

9)   Pre Trial Transcrips

10)  Copy of Warrant

11)  List of any Attivity on my case

12)  List of Appointed Attoney's and reason
     for witdrawal

13)  List of All Investigations and Officers/
     Agencies involved and dates started.

14)  List of Informants to how this investigation
     got started

15)  Transcrips of all Wire Taps and survellance
     Audio.

16)  Grand Jury Testimony and minutes for all warrant(s)

17)  Proof of Subject Matter Jurisdiction

18)  List of Undercover Agent and her sworn tes-
     termony.

19)  List of Co-Defendants and Transcrips

20)  And any and all Documents index under my Name,
     Social Security Number and or Case Number.

Under The Freedom of Information Act (FOIA and Privacy Act, I re-
quest all information from Number 1 tru 20 and any other information
that is in my file.  VAUGIN V. ROSEN , 484 F2d 820 (D.C. Cir. 1973),

Vaughn requires a detailed indexing of requested documents
and the rational for applying exemption.  E.P.A. V MINK,410 US 73, 35
LEd2d 119 , Requires the release of segregable portions of a file which,

was partially exempt, DEPARTMENT OF THE AIR FORCE V. ROSE, 425 US 352,

48 Led2d 11, (1976), "Disclosure, not secrecy, is dominant objective

of the Act."  Leading case on Exemption #6. WEISBERG V. DEPT. OF

JUSTICE, 705 F2d 1344 (D.C.)(Cir. 1983)  To meet its burden an agency

must demonstrate that it has conducted a "Search reasonably calculated

to uncover all relevant documents." JULIAN V. DEPT. OF JUSTICE, 806 F2d

1411 (9th Cir. (1985) CROOKER V. US PAROLE COMMISSION, 760 F2d 1 (D.C.

Cir 1985), Presentence Investigation Reports are "agency records" when

they are in the possession of the parole commission and thus must must

be disclosed by Commission upon request of prisoners who are subject

of reports, HINTON V. DEPT. OF JUSTICE., The government tried to appeal

a judges order for preparation of a VAUGHN Index and They Lost. U.S.

DEPT OF JUSTICE V. TAX ANALYSTS, 492 US 136, 106 LEd2d 112, (1989), The

Supreme Court favorably broaden their interpretation of what constitutes

"Agency Records" under the FOIA Act.  SELLERS V. BUREAU OF PRISONS, 959

F2d (DC Cir. 1992), As long as information contained in agency's files

is capable of being verified, then, under Freedom of Information/Privacy

Act, agency must take reasonable steps to maintain accuracy of infor-

mation to assure fairness to individual and, if agency willfully or

intentially fails to maintain its records in that way, and consequently

makes determination adverse to individual, it will be Liable to that

Individual, for money damages. U.S. DEPT OF JUSTICE V. LANDANO, Gover-

ment held not entitled to presumption that all sources supplying info.

are exempt, 508 U.S. 165, 124 LEd2d 84 (1993)., MAYNARD V. CIA., 986

F2d 547 (1st Cir 1993), Under the FOIA, Government retains at all times

burden of proving status of withheld documents.  NORWOOD V. FAA., 993

F2d 570 (6th Cir (1993), Exemption to Freedom of Information/Privacy

Act, are tø be narrowly construed.

MASSEY V. FBI., 3 F3d 620 (2nd Cir. 1993), Court construes statutory exemption provided FOIA/Privacy Act narrowly with doubts resolved in favor of disclosure. US. DEPT. OF DEF V. FED. LABOR RELATIONS AUTH-ORITY, 510 U.S. 487, 127 LEd2d 325, (1994), DETROIT FREE PRESS, INC. V. DEPT OF JUSTICE, 73 F3d 93 (6th Cir 1996)., By enacting Freedom of Information Act (FOIA)/Patriot Act, Congress evidenced general philosphy of full agency disclosure unless information is exempted under clearly delineated statutory language; disclosure, not secrecy, is dominant objective of FOIA/PA and any exemption to that disclosure requirement must be narrowly construed. BIBLES V. OREGON NATURAL DESERT ASS'N, 519 U.S. 355, 136 LEd2d 825, (1997) A complicated case regarding a Federal Agency's mailing list and what is exempt from disclosure under FOIA/PA exemption 5. SOLAR SOURCES, IND. V. US, 142 F3d 1033 (7th Cir. 1998)., Government bears the burden of justifying its decision to withokd requested information pursuant to a Freedom of Information Act/Privacy Act exemption. RUGIERO V. DEPT. OF JUSTICE, 257 F3d 534 (6th Cir. 2001), Statutory exceptions to the Frredom of Information/Privacy Act requirement that a government agency may not withold or limit the availability of any record(s) are to be narrowly construed and the burden is on the agency to justify its action. PUBLIC CITIZEN V. DEPARTMENT OF STATE, 276 F3d 634 (D.C. Cir.(2002) Agency's date-of-request cut-off policy for FOIA/PA request unreasonable.

I Norman Leroy Smith/ssan-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/Fed Id # 24046-038 have requested this information on October 21, 2004 on my original 2255 motion but has to date never received it.

-5-

U.S. V. BAGLEY, 473 US 667, (1985) BAGLEY V. LUMPKIN (1986),798 F2d

1297, Right of Defendant to inspect report of Presentence Investi-

gation of any witness(s) in his case previously convicted of a crime

under Rule 32(c) of Federal Rules of Criminal Procedures, (FRCP).

Under 95 ALR3d 832, Accused has a right to discovery and inspection

of Records of any Prior Complaint(s) against or similar, Personnel

Records of any government Officer/Agent/Official/Informant(s)/Witness

involved in his case, 86 ALR 3d 1170 Accused Right to Discovery of

and View of Records of Rap Sheet or Similar Police Records of Pro-

secution Witness(s), or Informants in his case.  BRADY V. MARYLAND

372 US 83, (1963), Prosecutor must turn over all records of Discovery

to the defense. US DEPT OF JUSTICE V. JULIAN 486 US 1 (1988) PSI Re-

ports are usually available to a Criminal Defendant under the Free-

dom of Information Act 5 U.S.C §552 and The Privacy Act 5 U.S.C.

§552(a) (1974). US V. DOE 297 F3d 76 (2nd Cir 2002)  Defendant has a

Fifth Amendment Right to A "GRAND JURY INDICTMENT".  US V GIGLIO

405 US 150, (1972) Prosecutor must turn over all information of any

Discovery to Defendant Knowing or Not-Knowing it exits. Title 18, USCA

RULE OF DISCOVERY RULE 16.  CONSTITUTIONAL LAW § 840.2-DUE PROCESS

REQUESTING "INTER ALIA" And TITLE 18 USCA §3500 RULES OF DISCOVERY


   I am also involking RULE 57B OF THE FEDERAL RULES OF CRIMINAL

PROCEDURES.

   I am also involking JENCKS ACT (18 USCA § 3500 RULE 26.2.

Production of All Statements of Agents/Informants/Government Officials/

and any and all Witness involved in my case.


-5-

JENCKS V. US., 353 US 657 (1957), and US V. ARBOLEDA, 929 F2d 858,

(1st Cir 1991), JENCKS ACT is designed to provide the Defense with

access to impeachment material and critical material to analysis of

alleged violation, is whether timing of the disclosure of material

prevented it's effective use by the defense.

21) List of any complaints past or present of any complaints

launch against any informer/Agent/Agency/Prosecutor or anyone involved

with my case.   UNDER BRADY ALL EVIDENCE IS EXCULPATORY EVIDENCE IN

NATURE.

This information is for personal use only and not for commercial use.


JULY 7, 2005                          Respectfully submitted


CC: HONORABLE JUDGE JOSEPH TORO
    CLERK OF COURTS (1st District Boston, Mass)       Norman L.Smith
    PROSECUTOR SANDRA BOWERS
    ACLU                              # 24046-038

                                        FCI FT DIX
                                        C/O PO BX. 7000/5811
                                        FT DIX,N.J. 08640


Clerk Of Courts/Judge Toro: U.S. POSTAL SERVICE CERTIFIED RECEIPT NO.:
7002 2030 0006 8829 7121.

Prosecutor Sandra Bowers Office/US District Attoney: POSTAL SERVICE
CERTIFIED RECEIPT NO: 7002 2030 0006 8829 7114.


*****      *****      *****      *****      *****      *****      *****