# EXHIBIT 2



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 27, 2002

Paul M. Sahady, Esq.
399 North Main Street
Fall River, MA 02720

    Re: Norman Smith
        Crim. No. 02-10010-JLT

Dear Mr. Sahady:

    Pursuant to our discussion yesterday, I have enclosed some materials related to this case as follows:

    1) Copies of tape recordings of the undercover transactions on July 19, 2001, and April 24, 2001.

    2) Copy of Smith's arrest warrant, complaint and affidavit.

    3) DEA-6: Initial interview of Norman L. Smith, prepared by DI Richard Sylvia, Jr., dated 1/8/02.

    4) DEA-6: Consent search of Smith's vehicle, MA registration J24-195 and acquisition of Ex. 24-27 and Ex. N-31 to N-36, prepared by FDA S/A Jason Simonian, dated 12/27/01.

February 27, 2002
Page 2


    5) DEA-6: Arrests of Norman Smith, Steven Neto and David Terceira on Dec. 11, 2001, prepared by TFO JC Nelson, dated 12/13/01.


                      Very truly yours,

                      MICHAEL J. SULLIVAN
                      United States Attorney

        By:   _____
                SANDRA S. BOWER
                Assistant U.S. Attorney



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 27, 2002

Paul M. Sahady, Esq.
399 North Main Street
Fall River, MA 02720

    Re: United States v. Norman Smith, et al.
    <u>Crim. No. 02-10010-JLT</u>

Dear Mr. Sahady:

    Please find enclosed the following additional materials in this case:

    1) N-1: Video tape of Defendant Smith dated 3/21/01.

    2) N-5: Video tape of Defendant Smith dated 3/30/01.

    3) N-2: Computer disc of photos of Defendant Smith.

    4) Resume of Roger W. Godino. Godino performed the analysis of the drugs seized in this case.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By: _____
    SANDRA S. BOWER
    Assistant U.S. Attorney



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 14, 2002

Paul M. Sahady, Esq.
399 North Main Street
Fall River, MA 02720

    Re: United States v. Norman L. Smith
         Criminal No. 02-10010-JLT

Dear Mr. Sahady:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A)

    a.    Written Statements

    Defendant Smith made post-arrest admissions concerning his involvement in the offense which are reflected in the following documents:

    DEA-6: Arrests of Norman Smith, Steven Neto and David Terceira on December 11, 2001, prepared by TFO JC Nelson, dated 12/13/01.

    DEA-6: Initial interview of Norman L. Smith, prepared by D/I Sylvia, dated 1/8/02.

    DEA-6: OAF recovered subsequent to the arrest of Norman Smith, prepared by D/I Richard Sylvia, dated 1/16/02.

    Also enclosed are copies of two written Miranda waivers

which Smith executed on 12/11/01.

    b.   <u>Recorded Statements</u>

       Copies of the following tape recordings are enclosed:

N-3: Telephone conversation with Smith, 3/30/01.
N-4: UC conversation with Smith, 3/30/01.
N-6: Telephone conversation and transaction with Smith, 4/17/01
N-7: UC telephone conversation with Smith on 4/23/01 and 4/24/01
N-8: UC transaction with Smith, 4/24/01
N-9: UC telephone conversation with Smith, 5/3/01
N-10: UC transaction with Smith, 5/3/01
N-11: UC telephone conversation with Smith, 5/8/01
N-12: UC telephone conversation with Smith, 5/9/01
N-13: UC transaction with Smith, 5/9/01
N-14: UC telephone conversation with Smith, 5/16/01
N-15: UC telephone conversation with Smith, 5/17/01
N-16: UC transaction with Smith, 5/17/01
N-17: UC transaction with Smith, 6/14/01
N-18: UC telephone conversation with Smith, 6/14/01
N-20: UC transaction with Smith and Costa, 7/19/01
N-21: UC telephone conversation with Smith, 7/26/01
N-22: UC transaction with Smith, 7/26/01
N-23: UC telephone conversation with Smith, 6/18/01, 7/5/01
N-24: UC telephone conversation with Smith, 7/13/01
N-26: UC telephone conversation with Smith, 7/17/01
N-27: UC transaction with Smith, 10/4/01
N-29: UC telephone conversation with Smith, 12/5/01
N-30: UC transaction with Smith, 12/6/01
N-38: Smith consensual phone conversation with "Sheila," 12/11/01

    c.   <u>Grand Jury Testimony of the Defendant</u>

   The defendant Smith did not testify before a grand jury in relation to this case.

    d.   <u>Oral Statements to Then Known Government Agents</u>

   See A.1.a. above.

2.   <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

   Enclosed is a copy of the defendant's prior criminal record.

3.  <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Additionally, enclosed are copies of the following items which were seized from Smith, his van, or his house at the time of his arrest:

> Prescription receipts from deVillers' Pharmacy
> Copies of credit cards and identification in the name Norman Dock and Walter Greeley
> Handwritten notes

4.  <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the following documents:

DEA lab reports concerning the analysis of Exhibits 1A, 1B, 2, 3, 4, 5, 6, 7, 8, 9A, 9B, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 27.

Additional lab reports concerning exhibits 24-26 and 28-29 are anticipated and will be provided to you upon receipt by this office.

B.  <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Consent searches of Defendant Smith's house and van were conducted on December 11, 2001, by DEA and FDA. Enclosed are the following documents related to these searches:

DEA-7: Acquisition of Non-Drug Property, re: Exhibits N31-37.

DEA-6: Consent Search of Smith's residence at 581 Drift Road, prepared by D/I Frank Lombardo, dated 12/13/01

DEA-6: Consent Search of Smith's vehicle, MA registration

J24-195, prepared by FDA S/A Jason Simonian, dated 12/27/01. Also enclosed is a copy of the written Consent to Search form obtained in relation to the above searches.

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

See A.1.b. above.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

As to the conspiracies charged in Counts One and Thirteen of the indictment, the following are known unindicted coconspirators:

Karen Maciel
Sheila Serdonio
Individuals identified in the attached DEA-6: Initial interview of Norman L. Smith, prepared by D/I Richard Sylvia, dated 1/8/02.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

    2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

    3.    A cooperating witness (CW) was involved in the investigation and participated in the drug transaction of April 17, 2001, charged in the indictment. The government does not anticipate calling the CW in its case-in-chief. Accordingly it is the government's position that no disclosure concerning this individual is required by Local Rule 116.2(B)(1)(c). Nevertheless, the government states that the CW was paid about $1,000 during the course of the investigation and the government is unaware that the CW has a criminal record.

    4.    The government is unaware that any of its named case-in-chief witnesses has any criminal record.

    5.    The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

    6.    No identification procedure was used in this case.

H.    <u>Other Matters</u>

The government provides the following additional materials:

Grand jury testimony of Diversion Investigator Richard Sylvia, January 10, 2002.

Videotape of Smith during 5/9/01 transaction

Videotape of Smith at Save Mor Pharmacy, 5/9/01

DEA-6: Purchase of exhibits 22 and 23 from Norman L. Smith, prepared by D/I Sylvia, dated 12/10/01.

DEA-6: Purchase of exhibits 17-21 from Norman L. Smith, prepared by D/I Sylvia, dated 10/18/01.

DEA-6: Surveillance and purchase of Exhibit 14 from Norman L. Smith, prepared by D/I Sylvia, dated 8/15/01.

DEA-6: Surveillance and purchase of exhibit 13 from Norman L. Smith, prepared by D/I Sylvia, dated 8/7/01.

DEA-6: Surveillance and purchase of exhibits 10, 11 & 12

from Norman L. Smith, prepared by D/I Sylvia, dated 6/21/01.

DEA-6: Surveillance and purchase of exhibit 9 from Norman L. Smith, prepared by D/I Sylvia, dated 6/5/01.

DEA-6: Acquisition of Drug Exhibits 5, 6, 7 & 8 and non-Drug Exhibits N-12 & N-13/ Surveillance of Norman L. Smith, prepared by D/I Lombardo, dated 5/10/01.

DEA-6: Undercover purchase of Exhibits 5, 6, 7, 8 from Norman Smith, prepared by Tpr Ross, dated 7/6/01.

DEA-6: Surveillance and purchase of exhibit 3 and 4 from Norman L. Smith, prepared by D/I Sylvia, dated 5/21/01.

DEA-6: Surveillance and purchase of Exhibit 2 from Norman L. Smith, prepared by D/I Sylvia, dated 5/21/01.

DEA-6: Surveillance and purchase of Exhibit 1 from Norman L. Smith, prepared by D/I Sylvia, dated 5/21/01.

DEA-6: Undercover purchase of Exhibit 1 from Norman Smith in Fall River, MA on 4/17/01, prepared by Tpr Ross, dated 4/17/01.

DEA-6: Interview of David Terceira, prepared by D/I Sylvia, dated 1/16/02.

New Bedford Police Department Incident Reports relating to arrest of Loretta M. Costa, dated 11/24/01 and 11/26/01.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint and in the indictment in this case, copies of which you previously have received.

Please call me (617) 748-3184 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Sandra S. Bower*
SANDRA S. BOWER
Assistant U.S. Attorney

[enclosure(s)]

7



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*        *John Joseph Moakley United States Courthouse*
                                         *1 Courthouse Way*
                                         *Suite 9200*
                                         *Boston, Massachusetts 02210*

April 8, 2002

Paul M. Sahady, Esq.                     Sally Hunt, Esq.
399 Main Street                          99 Lexington Avenue, Suite 1
Fall River, MA 02720                     Cambridge, MA 02138

Kevin J. Reddington, Esq.                Michael C. Bourbeau, Esq.
1342 Belmont Street, Suite 203           21 Union
Brockton, MA 02301                       Boston, MA 02108

    Re: United States v. Norman Smith, et al.
    <u>Criminal No. 02-10010-JLT</u>

Dear Counsel:

    Please find enclosed DEA lab reports relating to the analysis of Exhibits 24-26 and 28-29.

                  Very truly yours,

                  MICHAEL J. SULLIVAN
                  United States Attorney

        By: _____
            SANDRA S. BOWER
            Assistant U.S. Attorney